<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7703**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

DAVID DONNELL MARTIN,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00037-RLV-DCK-13; 5:09-cv-00100-RLV)

Submitted: July 28, 2010            Decided: April 13, 2011

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph R. Conte, LAW OFFICES OF J.R. CONTE, Washington, D.C., for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Donnell Martin appeals his convictions and sentence for conspiracy to possess with intent to distribute cocaine, crack cocaine, and methamphetamine, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). Martin's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Martin's trial counsel was ineffective "with regard to his plea and sentencing." Counsel also filed a motion for leave to withdraw. Martin filed a supplemental pro se brief. The Government declined to file a brief. Finding no reversible error, we affirm.

In his brief, appellate counsel states that, although Martin may believe trial counsel was ineffective, "[a]fter conscientious examination of the entire record below undersigned counsel has determined that there are no ineffective assistance of counsel claims available to Appellant." As appellate counsel correctly notes, Martin never expressed any dissatisfaction with trial counsel during any of the proceedings, stated at the plea hearing that he was satisfied with counsel, and when given the opportunity at sentencing again indicated that he was satisfied with trial counsel's performance.

In his pro se supplemental brief, Martin argues that trial counsel was ineffective for allowing him to plead guilty to the firearm charge, where the evidence was insufficient to establish a violation of 18 U.S.C. § 924(c), and also that he was improperly sentenced to a consecutive sixty month sentence on the § 924(c) charge. First, Martin argues "the record shows that neither the district court, the [G]overnment, nor Mr. Martin's counsel ever set forth a factual basis sufficient to support a finding of guilt." However, Martin stipulated in the plea agreement that a factual basis existed for the plea.

The plea agreement also provided that the factual basis as required by Fed. R. Crim. P. 11(b)(3) would be deferred until sentencing, and the district court could consider the offense conduct as presented by the presentence report ("PSR"), except those facts objected to by Martin. The PSR, to which Martin lodged no objections regarding the relevant § 924(c) conduct, states that when the police searched Martin's residence, they discovered approximately twenty-five ounces of cocaine in his bedroom, and a firearm "in close proximity to Ecstasy tablets, marijuana, and drug paraphernalia" on a coffee table. The firearm was thus found in Martin's home, located close to and possessed contemporaneously with other drugs and the cocaine for which he was convicted, and was readily available for use. On these facts, it does not appear that

3

Martin's trial counsel acted unreasonably in allowing Martin to plead guilty to the § 924(c) charge. Accordingly, because the record does not conclusively demonstrate that counsel was ineffective, we hold that Martin's claim is not properly before this court on direct appeal. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

Next, Martin asserts that the district court erred in determining that he was subject to a five-year mandatory minimum consecutive sentence on the § 924 charge, because he was already subject to a ten-year mandatory minimum sentence on the drug charge. Martin concedes that this claim is foreclosed by this court's decision in United States v. Studifin, 240 F.3d 415 (4th Cir. 2001). Because a panel of this court cannot ordinarily overrule the precedent set by a prior panel, Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002), and because the statutory interpretation adopted in Studifin was recently confirmed by Abbott v. United States, 562 U.S. ___, 131 S. Ct. 18 (2010), we conclude that this claim is without merit.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore deny counsel's motion to withdraw and affirm the district court's judgment. This court requires that counsel inform Martin, in writing, of his right to petition the Supreme Court of the United States for further review. If

4

Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED